People v Zelaya (2019 NY Slip Op 07630)





People v Zelaya


2019 NY Slip Op 07630


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2010-11945

[*1]People of State of New York, respondent,
v
Luis Zelaya, appellant.


Janet E. Sabel, New York, NY (Nancy E. Little of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated November 15, 2010, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court designated him a level three sex offender based on the assessment of a total of 125 points. On appeal, the defendant challenges the court's assessment of 30 points under risk factor 9 (number and nature of prior crimes) and 10 points under risk factor 10 (recency of prior felony or sex crime) based on its determination that the defendant's prior conviction in North Carolina for violating North Carolina General Statute § 14-32(b) constituted a violent felony. That statute provides, in pertinent part, that "[a]ny person who assaults another person with a deadly weapon and inflicts serious injury shall be punished as a Class E felon" (NC Gen Stat § 14-32[b]).
The Supreme Court should not have assessed 30 points under risk factor 9 for the defendant's commission of a prior violent felony, since the People's evidence that the defendant had a prior North Carolina conviction for assault with a deadly weapon (see NC Gen Stat § 14-32[b]) did not establish that factor by clear and convincing evidence. The term "violent felony," as used in the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter the Guidelines), "has the same meaning as in the Penal Law (see Penal Law § 70.02[1])" (Guidelines at 14; see People v Wyatt, 89 AD3d 112). Since North Carolina General Statute § 14-32(b) does not require recklessness or intent to injure, it does not fit within the Penal Law's definition of violent felony (see Penal Law §§ 70.02[1]; 120.05[2], [4]).
However, contrary to the defendant's contention, as a result of his prior North Carolina conviction, which constituted a Class E felony in that state (see State v Williams, 150 NC App 497, 502, 563 SE2d 616, 619), he should still be assessed 15 points under risk factor 9 for committing a prior felony, and we agree with the assessment of 10 points under risk factor 10 for the defendant's commission of a prior felony within three years of the instant offense (see Guidelines [*2]at 14). The Guidelines do not define the term "felony." Accordingly, in deciding whether a prior crime or offense qualified as a felony for the purposes of risk factors 9 and 10, the Supreme Court was not limited to crimes or offenses defined as felonies under the New York Penal Law.
Since the deduction of 15 points from the assessment total still leaves a total of 110 points, even with this correction, the defendant was properly adjudicated a level three sex offender (see Guidelines at 3).
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court